UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XIAN LIANG YE,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

CASE NO. 2:26-cv-01296-JNW

ORDER TO SHOW CAUSE

This matter comes before the Court on Respondent's Notice to the Court. Dkt. No. 5.

On April 13, 2026, pro se Petitioner Xian Liang Ye, a 54-year-old native and citizen of the People's Republic of China, filed his habeas petition alleging that his prolonged detention at the Northwest ICE Processing Center ("NWIPC") was unconstitutional. Dkt. No. 1. Two days later, on April 15, 2026, the Court issued the Western District of Washington's standard scheduling order in immigration habeas cases, *see* General Order 10-25, which ordered Respondents to file their return by April 29, 2026, and included the following instruction:

> Respondents shall provide the Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior

ORDER TO SHOW CAUSE - 1

to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.

Dkt. No. 2.

On April 22, 2026, Respondents filed a Notice to the Court, Dkt. No. 5. The Notice stated that Ye was "removed from the United States to his home country of China on April 17, 2026," but Respondents "cannot confirm that the 48-hour advance notice directed by the Court's Order was provided to Petitioner prior to removal." Dkt. No. 5 at 2.

These arrangements and preparations related to Ye's removal are detailed in the Declaration of Matthew Cantrell, which was filed alongside the Notice. Dkt. No. 6. Cantrell is an Assistant Field Director working for U.S. Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") out of the ERO office at NWIPC. *Id.* He states that upon notification of a pending habeas petition with a scheduling order, ERO Tacoma "log a prohibition on movement" in the four following ways: (1) "places a hold in the database that all ERO officers may use to track cases," (2) places a note in the system regarding the specifics of the scheduling order, (3) places a "hold flag" preventing the detainee from being moved out of NWIPC unless the flag is "manually removed by authorized personnel," and (4) instructs ERO that should a flagged detainee be scheduled for removal that an ICE attorney should be contacted to effectuate the notice required by the scheduling order. *Id.* ¶¶ 33–34.

Cantrell's declaration details how those safeguards were applied—and where they broke down—in Ye's case. On April 9, 2026, ERO first scheduled Ye's April 17,

ORDER TO SHOW CAUSE - 2

2026, removal, and had completed those arrangements by April 15, 2026, *Id.* ¶¶ 26, 28. However, the ERO "[d]atabase comments did not specifically state that removal was definitely scheduled for April 17, 2026." *Id.* ¶ 34. Meanwhile, ERO was notified of Ye's habeas petition on April 15, 2026, at 5:38 p.m., and "noted the Habeas [and pre-removal notice requirement] in their database" on April 16, 2026. *Id.* ¶¶ 29–30. Despite this, Ye was removed the following day, April 17, 2026, to the People's Republic of China via a commercial airline flight. *Id.* ¶ 31. Cantrell avers that "transporting officers would have no reason to look in the database as they already had their completed transport orders." *Id.* ¶ 34.

"Judicial orders are not suggestions; they are binding commands.*" J.G.G. v. Trump*, 2025 WL 3198891, at *2 (D.C. Cir. Nov. 14, 2025). The Court's April 15 Scheduling Order required Respondents to "provide the Petitioner . . . in this habeas action at least 48 hours' notice." Dkt. No. 2. These instructions were clear. Respondents have likely violated them.

As of the date of this Order, Respondents "cannot confirm that the 48-hour advance notice directed by the Court's Order was provided to Petitioner prior to removal." Dkt. No. 5 at 2. And Respondents' return—which argues that the underlying petition is now moot due to the removal—confirms "[t]he possibility exists that the Court's order was not followed, and prior notice of removal as directed by the Court was not provided to the Petitioner," noting that "the removal proceeded pursuant to previously finalized arrangements, including a preexisting removal schedule and completed logistical preparations." Dkt. No. 7 at 3. Respondents' Notice addresses neither the rights of Petitioner nor what action the

Court should take in response to what appears to be a clear violation of the Court's Order.

Accordingly, the Court ORDERS the following:

1.  By 12:00 p.m. (PST) on May 22, 2026, Respondents must file the following:

    a.  A status update regarding Respondents' investigation into whether Petitioner was provided adequate notice, the circumstances surrounding the removal, and the communication lapses regarding the same. *See* Dkt. No. 5 at 2.

    b.  Evidence of Petitioner's status in China (e.g., whether he is detained in any capacity or at liberty).

2.  Respondents must SHOW CAUSE by May 22, 2026, why the Court should not sanction Respondents for failing to comply with the Court's April 15, 2026, Order, including requiring them to return Petitioner to the United States to ensure that his case is handled as it would have been had he not been removed to China. *See Dcosta v. Warden*, --- F.Supp.3d ----, 2026 WL 74187, at *5 (S.D. Tex. Jan. 9, 2026).

Dated this 18 day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 4